## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

LAWRENCE ROSEN, M.D.,

       PLAINTIFF,

vs.                                       2:14-cv-00922-WMA

PROVIDENT LIFE & ACCIDENT
INSURANCE COMPANY

       DEFENDANT.

## PLAINTIFF'S MOTION TO COMPEL
## PRODUCTION OF DOCUMENTS

Comes now the Plaintiff in the above-styled cause pursuant to Rule 37 of the Federal Rules of Civil Procedure and moves this Court for an Order compelling the Defendant Provident Life & Accident Insurance Company's ('Provident') to respond to the discovery.  In support of this motion, the Plaintiff shows to the Court as follows:

**DEFICIENCIES IN PRODUCTION OF DOCUMENTS**

1.      On August 4, 2014, Plaintiff submitted his First Interrogatories and Request for Production to the Defendant. (Exhibit 1)

2.      On September 8, 2014, the Defendant made a response to Plaintiff's First Request for Production and on September 12, 2014 the Defendant sent signed amended responses to Plaintiff's first interrogatories.  (Exhibit 2)

3.      Plaintiff's counsel wrote defense counsel regarding deficiencies in its responses to interrogatories on September 29, 2014 (Exhibit 3) and on September 30, 2014 Plaintiff's counsel wrote defense counsel regarding deficiencies in its responses to requests for production. (Exhibit 4)

4.     In an attempt to resolve discovery issues, counsel for the Plaintiff and Defendant met at Plaintiff counsel's office for a face-to-face "meet and confer" session to discuss discovery deficiencies on October 9, 2014.

5.     When no further responses were forthcoming, Plaintiff's counsel sent defense counsel a letter on October 17, 2014 outlining the substance and outstanding discovery deficiencies discussed in their October 9 meeting. (Exhibit 5)

6.     On October 17, 2014, Provident made a  supplemental response and produced copies of invoices and payments regarding the policies at issue in this case, but continued to stand by its objections on several production requests.

7.     Plaintiff's counsel wrote another letter on October 22 specifically requesting documents it reasonably believes Provident has in its possession but has not produced. (Exhibit 6)

8.     After these further requests, Provident supplemented again on October 24 and 29 finally producing prior claim files on the Plaintiff.

9.     In an effort to resolve Provident's objections that Plaintiff's requests for production were overly broad and unduly burdensome, Plaintiff's counsel wrote defense counsel on November 7, 2014 revising and limiting the scope of several requests. In her letter, Plaintiff's counsel requested a response as to whether the reduced scope of the request would change the Defendant's standing objections. (Exhibit 7)

10.     Plaintiff's counsel asked defense counsel for a response in her email dated November 12, 2014. (Exhibit 8) As of the date of this filing, Plaintiff's counsel has not received any response regarding these revised requests.

11.     The following Requests and responses show the remaining issues which are

2

the subject of this motion:

    a.    **REQUEST # 7:** All promotional literature and sales pamphlets explaining the type of policy that was sold to Plaintiff. **Deficiency:** No documents have been produced. Plaintiff's counsel has not been informed that no documents relevant to this request exist.

    b.    **REQUEST # 9:** All claims manuals, procedural manuals, operational manuals, or other documents of whatever kind which direct or instruct employees concerning the handling of disability. **Deficiency:** The Plaintiff has only received the claims manual and associated updates thereto. No other documents have been produced. This request would require the production of training manuals, directives, procedures manuals, and any other documents and directives on how to analyze and process claims - financially, medically, procedurally and substantively but none have been produced.

    c.    **REQUEST # 12:** Any complaints filed against this Defendant concerning policies like that issued to the Plaintiff, or similar thereto, with any State Insurance Department or other entities during the last ten (10) years.

Revised **REQUEST# 12:** Any complaints filed against this Defendant concerning policies like that issued to the Plaintiff, or similar thereto, with any State Insurance Department or other entities during the last five (5) years.

**ANSWER:** Defendant objects to this Request on the following grounds: (1) it is vague and ambiguous, particularly in its use of the terms "complaints" and "similar thereto;" (2) it is overbroad and unduly burdensome, particularly with regard to time and scope and to the extent such documents would contain material unrelated to

this claim; (3) it seeks documents which are neither relevant to the claims or defenses of the parties to this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly in light of the application of ERISA and the preemption of Dr. Rosen's state law claims and his failure to state claims upon which relief could be granted as to 18 U.S.C. §§ 1962(a) and 1962(b) and as to his fraud and bad faith claims; (5) it seeks documents which constitute or contain confidential, proprietary information and/or trade secrets; (6) to the extent it seeks documents protected by the attorney-client privilege, the attorney work product privilege, or other applicable privilege; and (7) to the extent it seeks documents protected by third parties' right of privacy.

**Deficiency:** Provident produced a list of Alabama lawsuits that were filed within the last five (5) years and stated that it would stand by its objections in its refusal to produce other documents.

      d.    **REQUEST # 13:** Any and all documents of whatever type filed with the

Alabama Insurance Department or a similar agency of any state relating to

the policy of insurance sold to Plaintiff.

Revised **REQUEST# 13:** Any and all documents of whatever type filed with the

Alabama Insurance Department relating to the type of insurance policy sold to

Plaintiff.

**ANSWER**: Defendant objects to this Request on the grounds or to the extent that (1) it is vague and ambiguous as to the information sought; (2) it is overly broad, unduly burdensome and oppressive, particularly with regard to time and scope and that such documents would contain material unrelated to this claim; (3) it seeks documents which are neither relevant to the claims or defenses of the parties to this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly in light of the application of ERISA and the preemption of Dr. Rosen's state law claims and his failure to state claims upon which relief could be granted as to 18 U.S.C. §§ 1962(a) and 1962(b) and as to his fraud and bad faith claims; (4) it seeks documents which constitute or contain confidential, proprietary information and/or trade secrets; and (5) it seeks information protected by the attorney client and/or work product privileges and/or self critical analysis privilege.

**Deficiency:** No documents have been produced. Provident stated that it would stand by its objections in its refusal to produce documents.

e.    **REQUEST # 14:** Documents evidencing or relating to any reprimands,

actions or complaints, or disciplinary actions taken against this Defendant by

the Insurance Department or Attorney General of any state in the United

States of America including Alabama. Your response should include all

correspondence between this Defendant and the Insurance Department for

the State concerning any complaints, lawsuits or claims made by a

policyholder, insured or assignee within the last 10 years.

Revised **REQUEST# 14:** Documents evidencing or relating to any reprimands,

actions or complaints, or disciplinary actions taken against this Defendant by the

Insurance Department or Attorney General of any state in the United States of

America including Alabama. Your response should include all correspondence

between this Defendant and the Insurance Department for the State concerning any

complaints, lawsuits or claims made by a policyholder, insured or assignee within

the last five years.

**ANSWER**: Defendant objects to this Request on the grounds or to the extent
that (1) it is vague and ambiguous; (2) it is overly broad, unduly burdensome and
oppressive, particularly with regard to time and scope; (3) it seeks documents which
are neither relevant to the claims or defenses of the parties to this litigation nor
reasonably calculated to lead to the discovery of admissible evidence, particularly
in light of the application of ERISA and the preemption of Dr. Rosen's state law
claims and his failure to state claims upon which relief could be granted as to 18
U.S.C. §§ 1962(a) and 1962(b) and as to his fraud and bad faith claims; (4) it seeks
documents which constitute or contain confidential, proprietary information and/or
trade secrets; and (5) it seeks information protected by the attorney-client and/or
work product privileges; and(6) it seeks documents protected by third parties' right
of privacy. Furthermore, under the authority of *State Farm v. Campbell*, 123 S. Ct.
1513 (2003 ), as well as established principles of relevancy and the scope of
permissible discovery, the requested discovery is improper because it seeks
information regarding alleged conduct that bears no relation or nexus to the harm
allegedly suffered and/or the discovery improperly seeks information that pertains

to alleged "out-of-state"conduct.

**Deficiency:** No documents have been produced. Provident stated that it would stand by its objections in its refusal to produce documents.

f.   **REQUEST # 15:** A copy of all lawsuits filed against this Defendant which

involves allegations of fraud, bad faith, racketeering or other wrongdoing

arising under its disability policies for the last ten (10) years.

Revised **REQUEST# 15:** A copy of all lawsuits filed against this Defendant which

involves allegations of fraud, bad faith, racketeering or other wrongdoing arising

under its disability policies for the last five (5) years.

**ANSWER:** In addition to the General Objections and Responses, Defendant objects to this Request on the grounds that it is (1) vague and ambiguous; (2) overly broad and unduly burdensome, particularly with regard to time and scope; (3) it seeks documents which are neither relevant to the claims or defenses of the parties to this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly in light of the application of ERISA and the preemption of Dr. Rosen's state law claims and his failure to state claims upon which relief could be granted as to 18 U.S.C. §§ 1962(a) and 1962(b) and as to his fraud and bad faith claims; (4) it seeks documents which constitute or contain confidential, proprietary information and/or trade secrets; (5)seeks documents protected by the attorney-client privilege, the attorney work product privileges; seeks documents protected by third parties' right of privacy; and (6) under the authority of *State Farm v. Campbell*, 123 S. Ct. 1513 (2003) improperly seeks information regarding alleged conduct that has no relation or nexus to the harm allegedly suffered and/or improperly seeks documents pertaining to alleged out-of-state conduct.

**Deficiency:** Provident produced a list of Alabama lawsuits that were filed within the last five (5) years and stated that it would stand by its objections in its refusal to produce other documents.

g.   **REQUEST # 17:** A Produce all documents and records which reflect, refer

and/or relate to the names, last known addresses and telephone numbers

of each person who has filed a complaint with any State Department of

Insurance during the last ten (10) years concerning fraud, deceit, deceptive

trade practices, suppression, conspiracy to defraud, or any other type of unethical conduct by Provident Life & Accident Insurance Company or any of its current or former brokers and/or agents concerning disability income insurance policies.

Revised **REQUEST# 17:** Produce all documents and records which reflect, refer and/or relate to the names, last known addresses and telephone numbers of each person who has filed a complaint with any State Department of Insurance during the last five (5) years concerning fraud, deceit, deceptive trade practices, suppression, conspiracy to defraud, or any other type of unethical conduct by Provident Life & Accident Insurance Company or any of its current or former brokers and/or agents concerning disability income insurance policies.

**ANSWER**: Defendant objects to this Request on the grounds that: (1) it seeks documents that are not relevant to the claims or defenses of any party to this action nor reasonably calculated to lead to the discovery of admissible evidence, particularly in light of the application of ERISA and the preemption of Dr. Rosen's state law claims and his failure to state claims upon which relief could be granted as to 18 U.S.C. §§ 1962(a) and 1962(b) and as to his fraud and bad faith claims; (2) it is overly broad and unlimited in time and scope; (3) it is vague, ambiguous, particularly, but not limited to the terms "reflect, refer or relate"; (4) it would encompass confidential business records and documents to which third party Insureds have privacy rights; and (5) given the breadth of the request and in conjunction with the vague and ambiguous nature of the request, it potentially encompasses documents protected from discovery by the attorney-client privilege and is unduly burdensome.

**Deficiency:** Provident continues to stand on its objections despite Plaintiff's September 30th letter outlining the deficiency in light of Judge Acker's order of July 22, 2014 (Doc. 11).

h.    **REQUEST # 19:** Produce the personnel file(s) for all the claims examiners that have worked on Dr. Rosen's claim made the basis of this litigation since 2011. This should include but not be limited to documents detailing their

7

compensation and/or bonus plans.

Revised **REQUEST# 19:** Produce all the documents relating to the compensation

and/or bonus plans for all the claims examiners who have worked on Dr. Rosen's

claim made the basis of this litigation since 2011.

**ANSWER**: Defendant objects to this Request on the grounds that: (1) it is overly broad in time and scope; (2) it is vague and ambiguous, particularly, but not limited to the phrase "claims examiners that have worked on Dr. Rosen's claim;" (3) it seeks information/ documents that are not relevant to the claims or defenses of any party to this action nor is it reasonably calculated to lead to the discovery of admissible evidence, particularly in light of the application of ERISA and the preemption of Dr. Rosen's state law claims and his failure to state claims upon which relief could be granted as to 18 U.S.C. §§ 1962(a) and 1962(b) and as to his fraud and bad faith claims; ( 4) it appears to encompass information pertaining to individuals who were not involved in the handling of/decision regarding Plaintiffs claim; (5) it seeks confidential and proprietary business records; (6) it seeks information to which third parties have a right to privacy and as to Massachusetts employees, it seeks information and materials protected by the Massachusetts Privacy Statute (Mass.Gen.L.c214, sec IB), which has been broadly interpreted by Massachusetts case law to protect disclosure of private facts about an employee; and (7) given the breadth of the request and vague nature of the request, this request is unduly burdensome.

**Deficiency:** Provident continues to stand on its objections despite Plaintiff's September 30th letter outlining the deficiency in light of Judge Acker's order of July 22, 2014 (Doc. 11).

i.    **REQUEST # 22 &23:** Produce the entire claims file for Wiley H. Justice,

M.D., policy #7066319.Produce the entire claims file for Gerry F. Ellis,

M.D., policies #00545997, 00701856 and 00410675.

Revised **REQUESTS # 22 & 23:** Produce the CPT code analysis and ERISA related

documents contained in the claims file for Wiley H. Justice, M.D., policy #7066319.

**ANSWER**: Defendant objects to this Request on the grounds that: (1) it is overly broad in time and scope and seeks information that bears no relation to Plaintiffs claim; (2) it seeks information that is not relevant to the claims or defenses of any

8

party to this action nor is it likely to lead to the discovery of admissible evidence, particularly in light of the application of ERISA and the preemption of Dr. Rosen's state law claims and his failure to state claims upon which relief could be granted as to 18 U.S.C. §§ 1962(a) and 1962(b) and as to his fraud and bad faith claims; (3) it is further irrelevant as each claim is unique and handled according to the particular facts and circumstances presented and according to the specific disability policy at issue. Therefore, discovery related to that claim denial cannot reasonably have any relevance to the claim denial in this action. In addition, Dr. Ellis' (Dr. Justice's) occupation, disabling conditions and date of loss were also different than that of Dr. Rosen; (4) it seeks confidential business records and documents protected from discovery by the attorney-client privilege and/or work product doctrine; (5) it seeks confidential information to which a third party insured has a right to privacy.

**Deficiency:** Provident continues to stand on its objections despite Plaintiff's September 30th letter outlining the deficiency in light of Judge Acker's order of July 22, 2014 (Doc. 11).

  j.   **REQUEST # 29:**  Produce all guidelines, polices, directives, or instructions,

       howsoever denominated, that were in affect and applicable when the list bill

       mechanism was instituted at Northeast Alabama Urology Center, P.C.

  **ANSWER**: Defendant objects to this Request on the following grounds: (1) it is overly broad; (2) it seeks documents and information which are neither relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence; and (3) it seeks documents which contain confidential and/or proprietary business information. Notwithstanding these objections, Defendant refers Plaintiff to the Salary Allotment Agreement entered into between Defendant and Plaintiffs employer, Northeast Alabama Urology Center, P.C. (NEAUC), wherein NEAUC agreed to pay in full the required premiums for all policies issued to employees of NEAUC and remit such premiums to Defendant (see Bates number PLA-RISK-000007).

**Deficiency:** Provident continues to stand on its objections despite Plaintiff's September 30th letter outlining the deficiency.

  k.   **REQUEST # 30**:      To the extent that the Defendant relies upon any salary

       allotment agreement, in whole or in part, to establish the existence of an

       employee benefit plan of which Plaintiffs insurance policies are part, produce

       all such agreements, guidelines, policies, directives or instructions,

howsoever denominated, applicable to the creation or use of such salary allotment agreements.

**ANSWER**: Defendant objects to this Request on the following grounds: (1) it is overly broad; (2) it seeks documents and information which are neither relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence; and (3) it seeks documents which contain confidential and/or proprietary business information. Notwithstanding these objections, Defendant states that Plaintiffs employer, Northeast Alabama Urology Center, P.C. (NEAUC), entered into a Salary Allotment Agreement with Defendant, agreeing to pay in full the required premiums for all policies issued to employees of NEAUC (see Bates number PLA-RISK-000007). Each of the policies issued under the Salary Allotment Agreement, including Dr. Rosen's policies, contained a Salary Allotment Rider referring to the Salary Allotment Agreement between Defendant and NEAUC (see Bates numbers PLA-POLIDI(7028896)-000019 and PLA-POLBOE(7028897)-000022).

**Deficiency:** Provident continues to stand on its objections despite Plaintiff's September 30th letter outlining the deficiency.

12.   These documents are material and relevant to the Plaintiff's claims in this case.

13.   The Plaintiff has claims of breach of contract, bad faith, RICO and fraud. These requests are material to show Provident's pattern and practice of denying valid claims despite prior penalties paid for the same behavior, complaints, and lawsuits. These requests are material and relevant to Plaintiff's claims.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that this Court order Provident to fully comply with Plaintiff's discovery requests and to produce all documents as requested, and to supplement such requests as required under the FRCP, and for such other relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

s/ G. Daniel Evans
G. Daniel Evans
ASB-1661-N76G
Attorney for the Plaintiffs
The Evans Law Firm, P.C.
1736 Oxmoor Road, Suite 101
Birmingham, Alabama 35209
Telephone:  (205) 870-1970
Fax: (205) 870-7763
E-Mail: gdevans@evanslawpc.com

Alexandria Parrish
ASB-2477-D66P
Attorney for the Plaintiffs
The Evans Law Firm, P.C.
1736 Oxmoor Road, Suite 101
Birmingham, Alabama 35209
Telephone:  (205) 870-1970
Fax: (205) 870-7763
E-Mail: ap@evanslawpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of November, 2014, I electronically filed the foregoing Plaintiff's Motion to Compel with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John S. Johnson
Hand Arendall LLC
1200 Park Place Tower
2001 Park Place North
Birmingham, Alabama

Henry T. Morrissette
Hand Arendall LLC
Post Office Box 123
Mobile, Alabama 36601

s/ G. Daniel Evans
G. Daniel Evans

11