UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LAWRENCE ROSEN, M.D.,

    PLAINTIFF,

VS.                                       2:14-cv-00922-WMA

PROVIDENT LIFE & ACCIDENT
INSURANCE COMPANY

    DEFENDANT.

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY

Comes now the Plaintiff in the above-styled cause and propounds the following interrogatories to be responded to within the time and manner prescribed by the Federal Rules of Civil Procedure:

### GENERAL INSTRUCTIONS

Each document produced in response to these requests for production should be **referenced** with the number(s) of the relevant request and subsection, if any. Should any of the documents pursuant to this request for document production have already been made available for plaintiffs' inspection, it will be sufficient to note this fact and to provide the following information:

    a.    Document production number, if any;

    b.    Date, author, addressee (if any), persons receiving distribution of such documents or copies thereof;

    c.    A description of the nature of the documents; and

    d.    The particular request and item number in response to which the

document has previously been produced.

Interrogatories and requests for documents are **continuing in nature** and require supplemental answers should Defendant generate or obtain further pertinent information or documents between the time answers are filed and documents produced at the time of trial.

The documents requested **seek all documents** available to you or in your possession, custody or control from any source wherever situated, including but not limited to, information from any files, records, documents, employees, former employees, counsel, and former counsel of any party to this litigation, plaintiff or defendant, and including, but not limited to, documents in the possession, custody or control of defendant and documents in the possession, custody or control of any predecessor or successor of defendant.

As used herein, the single shall always include the plural, and the present tense shall always include the past tense. Further, as used herein, "and" as well as "or" shall be construed **disjunctively and conjunctively** in order to bring within the scope of this request all responses which might otherwise be construed to be outside its scope.

**Include with your responses all attachments, exhibits or other documents referenced or incorporated into such request and any amendments thereto.**

II.

## DEFINITIONS

1.   "Documents" or "records" mean all original written, recorded or graphic matters whatsoever and nonidentical copies thereof, including but not limited to, pleadings,

motions, responses to discovery, papers, books, records, letters, all electronically stored information ("ESI"), photographs, tangible things, correspondence, communications, telegrams, cables, telex, message, memorandum, notes, notations, work papers, transcripts, minutes, reports and recordings for telephone or other conversations, or interviews or conferences or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, agendas, jottings, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, price lists, client lists, journals, statistical records, desk calendars, appointment books, diaries, list of tabulations, sound records, computer print-outs, data processing programs, libraries, data processing input and output, microfilm, books of account, records, invoices, statements of account, credit memoranda, and checks reflecting business operations, all records by electronic, photographic or mechanical means, any notes or drafts relating to the foregoing, all things to the foregoing however denominated by the parties and all documents as defined by the Alabama Rules of Civil Procedure. In cases where originals are not identical documents and are not available, document also means identical copies of the original documents and non-identical copies thereof. In all cases where documents are in language other than English, documents include all translations and materials related to particular translations.

2.    "You" or "defendant" refers to the above-named defendant to whom these interrogatories and document requests were directed and includes all of its attorneys, agents, directors, employees and representatives. "You" or "defendant" also refers to Provident Life and Accident Insurance Company and any affiliated entities such as UNUM, UNUMProvident, or any of the related entities within the UNUM Group. This definition is

articulated in Doc. 11 ¶1 of the court's scheduling order and will extent to all Plaintiff's discovery requests.

3.      "Person" means any individual, partnership, association, corporation, joint venture or other legal or business entity.

4.      "Communications" means writings, ESI, telephone conversation, oral conversation other than telephone conversation and meetings.

5.      "Oral communication" means communication that includes any meeting, conference, telephone conversation, telephone conference, ESI, or in person conversation.

6.      "Regarding," "evidencing," "relating to" or "relate" means the document(s) itself and any other document referring to, reflecting or being in any way legally, logically or factually connected with the document(s). "Relating to" or "regarding" a subject or item should be understood to include possible or contemplated actions as to such subject or item.

7.      "Financial transaction" means any business, commercial, or related transactions, dealings, exchanges or interactions, including, but not limited to, loan applications, loans, lines of credit, guaranties of the indebtedness of another.

8.      "Address" shall mean the street number, street, city and state of subject person, business or other entity.

9.      "Identify" or "identification," when used with reference to a document, shall mean to state its date, author or signer, his address, type of document and all other means of identifying it, and its present or last known location or custodian; if any document was but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

4

10.     "Provident Life and Accident Insurance Company" or "PL&A," means Provident Life and Accident Insurance Company and any affiliated entities such as UNUM, UNUMProvident etc. This definition is articulated in Doc. 11 ¶1 of the court's scheduling order and will extent to all Plaintiff's discovery requests.

### III.

### DOCUMENTS NO LONGER IN

### DEFENDANT'S POSSESSION, CUSTODY OR CONTROL

If any document otherwise responsive to any request was, but is no longer in Defendant's possession or subject to Defendant's control or in existence, state whether:

(a) it is missing or lost;

(b) has been destroyed;

(c) has been transferred voluntarily to others; or

(d) has been otherwise disposed of.

In each instance, explain the circumstances surrounding such disposition and identify the person(s) directing or authorizing its destruction or transfer, and the date(s) of such direction or authorization. Identify each document by listing its author and addressee (e.g., letter, memorandum, telegram, chart, photograph, etc.), date, subject matter, whether document (or copies) are still in existence, and if so, their present location(s) and custodian(s).

### IV.

### PRIVILEGE

All documents as to which any privilege is claimed shall be produced, marked,

identified, held separately and retained intact, subject to ruling by the Court as to the claimed privilege. For any document which you claim to be privileged state: (1) the reason for withholding it; (2) the author of the documents; (3) each individual or other person to whom the document has been sent; (4) the date of the document; and (5) the general subject matter of the document.

## INTERROGATORIES

1. Identify the names of the person(s) and position with the Defendant of those preparing the answers to these interrogatories.

2. If this Defendant has ever been sued in any court for fraud, deceptive trade practices, misrepresentation, deceit, suppression, stealing, conversion, bad faith and/or breach of contract for failure to pay a claim under disability policies, or the like, in the past ten (10) years please state when such was filed, who made such claim or filed such suit, the court in which the suit was filed, and the address of the person who made such claim. Please produce documents showing such suit, including the lawyer's name and address who sued this Defendant and a copy of the complaint.

3. State the name, address and job title of each person, known to this Defendant, who has any knowledge or information relating to the incident and allegations made the basis of the Plaintiff's Complaint. Include with your response all employees or agents of this Defendant and their position who had any contact with the Plaintiff or worked on his disability claim and describe your understanding of the person's knowledge.

4. Prior to the institution of this action, did the Defendant make any investigation to determine whether or not there was a valid total disability claim presented by the Plaintiff? If so, please state:

      a.    The person(s) making such investigation;

      b.    The inclusive dates during which such investigation was performed;

      c.    The results of such investigation.

Produce all documents gathered, generated, or used during this investigation. This answer should include but not be limited to those documents associated with the CPT code review which resulted in your decision that "billing charges for surgeries still accounted for are around 51% of the charges" -- as stated in UNUM's December 19, 2011 letter.

5.    Please state the name, address, and specific duties of any and all persons who participated in the investigating, issuance, processing, or approval of the disability income insurance policy issued to Plaintiff, along with a detailed description of their participation and/or supervisory role.

6.    State the name and job title of the person(s) who participated in the denial of the Plaintiff's claim for total disability and state the reason for denial, including in detail the basis for denying the Plaintiff's claim and all facts upon which this Defendant relies on for denial of Plaintiff's claim and the source of any said facts. Produce all documents considered, gathered, used, or relied upon in denying Plaintiffs claim for total disability.

7.    Has this Defendant, within the last seven years, been investigated by any state's department of insurance or any other regulatory body? If so, please identify the state, the date you received notice of the investigation, and the results of the investigation.

8.    Describe all facts currently known to PL&A which it contends support the factual assertion in its "Fifth Defense" that, "Plaintiff has failed to satisfy conditions precedent to recovery under the subject policy."

9.    Describe all facts currently known to PL&A which it contends support the

factual assertion in its "Seventh Defense" that, "Plaintiff has failed to mitigate his alleged damages."

10. Describe all facts currently known to PL&A which it contends support the factual assertion in its "Eighth Defense" that, "Plaintiff has failed to cooperate in the claims process."

11. Please identify each disability claim analyst, claim representative, and/or senior claim representative who worked on the "closed block" policies which contained Plaintiff's policy and who has left employment with defendant between January 1, 2004 and the present, including in your answer the name, last known address and phone number of each person identified.

12. Please identify each supervisor or unit head in a disability claim unit who worked on the "closed block" policies which contained Plaintiff's policy and who has left employment with defendant between January 1, 2008 and the present, including in your answer the name, last known address and phone number of each person identified.

13. State in detail any facts which PL&A contends supports its assertion in its "Second Affirmative Defense" that, "The allegations in Plaintiff's Complaint are completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq."

RESPECTFULLY SUBMITTED,

/s/ G. Daniel Evans

G. Daniel Evans
ASB-1661-N76G
Attorney for the Plaintiffs
The Evans Law Firm, P.C.
1736 Oxmoor Road, Suite 101
Birmingham, Alabama 35209

Telephone: (205) 870-1970
Fax: (205) 870-7763
E-Mail: gdevans@evanslawpc.com

Alexandria Parrish
ASB-2477-D66P
Attorney for the Plaintiffs
The Evans Law Firm, P.C.
1736 Oxmoor Road, Suite 101
Birmingham, Alabama 35209
Telephone: (205) 870-1970
Fax: (205) 870-7763
E-Mail: ap@evanslawpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of August, 2014, I mailed a true and correct copy of the foregoing Plaintiff's First Interrogatories to Defendants to be delivered via first class mail, postage prepaid, to the following:

John S. Johnson
Hand Arendall LLC
1200 Park Place Tower
2001 Park Place North

Henry T. Morrissette
Hand Arendall LLC
Post Office Box 123
Mobile, Alabama 36601

_____
G. Daniel Evans