IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
LAWRENCE ROSEN, M.D.,          }
                               }
     Plaintiff,                }
                               }    CIVIL ACTION NO.
v.                             }    2:14-cv-0922-WMA
                               }
PROVIDENT LIFE AND ACCIDENT    }
INSURANCE COMPANY,             }
                               }
     Defendant.                }
```

**MEMORANDUM OPINION AND ORDER**

On November 14, 2014, the court conducted a hearing on the motion of plaintiff, Lawrence Rosen, M.D., to strike the declaration of Roxanne Kaminisky, submitted by defendant, Provident Life and Accident Insurance Company ("Provident"), in support of its motion filed on September 26, 2014, for partial summary judgment on its contention that all of Rosen's state law claims are preempted by ERISA.

Because the court concluded that the scheduling order of July 22, 2014, did not give Rosen sufficient time to conduct his discovery relevant to the crucially important ERISA preemption issue, the order of July 22, 2014, is hereby AMENDED so as to grant Rosen **until December 19, 2014,** to complete discovery limited to evidence bearing on Provident's motion for partial summary judgment, and to file a brief and evidentiary materials in opposition to Provident's said motion. Provident shall then have **ten (10) calendar days** in which to respond to Rosen's said

opposition, after which Provident's motion and Rosen's motion to strike the declaration of Kaminisky, will be taken under submission without oral argument, unless the court finds that oral argument will be helpful.  **This order does not prevent Rosen from filing his opposition brief and evidence earlier than December 19, 2014.**

The motion to extend the discovery deadline filed jointly by the parties on November 14, 2014, to the extent it has not been addressed in the above paragraphs, will be ruled upon after the court rules on the ERISA preemption issue.  In the event the court denies Provident's motion for partial summary judgment, the motion for an extension will be well taken.  However, the court is not prepared to predict with exactitude when it will rule on Provident's motion for partial summary judgment.  In the meantime, discovery shall be limited to the ERISA preemption issue.

DONE this 17th day of November, 2014.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE